UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AHMAD HERSH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17CV2043 RLW |
| ) | |
| CKE RESTAURANTS HOLDINGS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss under the Doctrine of Forum Non Conveniens filed by Defendants CKE Restaurant Holdings, Inc., Hardee's Food Systems, LLC, and Hardee's Restaurants, LLC (collectively referred to as "Defendants"). (ECF No. 92) The motion is fully briefed. After careful consideration, the Court grants Defendants' motion and dismisses the case without prejudice.

## BACKGROUND

The facts of this case revolve around the July 20, 2015 death of a six-year-old boy, I.E. Hersh, after he allegedly touched something electrified in the ceiling above the playground in a Hardee's franchise restaurant located in Amman, Jordan. Jordanian officials investigated I.E. Hersh's death and brought criminal charges against the franchisee, Tourism Projects and International Restaurants Company, as well as the restaurant's manager and supervisor. No criminal charges were pursued against the named Defendants in this case.

The boy's parents, Ahmad Hersh and Muna Omer (referred to collectively as "Plaintiffs") filed this lawsuit in July 2017 against Defendants: the U.S.-based franchisor and its parent

corporation.[1] Plaintiffs filed a First Amended Complaint on October 26, 2017, asserting three causes of actions against each Defendant: Wrongful Death – Negligence (Count I); Wrongful Death – Negligence – Apparent Agency (Count II); and Wrongful Death – Strict Liability for Breach of Warranty (Count III).

The parties engaged in some motion practice, which included Defendants filing then withdrawing their Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 27) without prejudice (ECF No. 42). After engaging new counsel, Defendants filed the instant Motion to Dismiss under the Doctrine of Forum Non Conveniens (ECF No. 92) in which they ask the Court to dismiss this case without prejudice and argue the Hashemite Kingdom of Jordan is the proper forum for Plaintiffs to pursue their claims. Plaintiffs oppose dismissal and contend the Court should not disturb their choice of forum.

## LEGAL STANDARD

"Under the doctrine of *forum non conveniens*, federal district courts have inherent power to resist the imposition of jurisdiction even where authorized by statute if 'the litigation can more appropriately be conducted in a foreign tribunal.'" *de Melo v. Lederle Labs., Div. of Am. Cyanamid Corp.*, 801 F.2d 1058, 1060 (8th Cir. 1986) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947)). A court must first determine whether an adequate alternative forum exists for the litigation. *Id.* "[T]he court must then balance factors relative to the convenience of the litigants, referred to as the private interests, and factors relative to the convenience of the forum, referred to as the public interests, to determine which available forum is most appropriate for trial and resolution." *Id.* An appellate court will only review a district court's decision to dismiss a case based on the doctrine of *forum non conveniens* for a "clear abuse of discretion."

---

[1] At the time of I.E. Hersh's death, Defendants CKE Restaurant Holdings, Inc.'s headquarters were located in St. Louis. The company has since relocated its headquarters to Tennessee and California.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) ("The *forum non conveniens* determination is committed to the sound discretion of the trial court."). "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Id.*

## DISCUSSION

As an initial matter, the Court must decide whether the timeliness of this motion affects the resolution. Plaintiffs argue a motion to dismiss based on the doctrine of *forum non conveniens* must be asserted "within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the [party]." *See Cable News Network L.P., L.L.L.P. v. CNNews.com*, 177 F. Supp. 2d 506, 528 (E.D. Va. 2001), *aff'd in part, vacated in part sub nom. Cable News Network, LP, LLLP v. CNNews.com*, 56 F. App'x 599 (4th Cir. 2003) (alteration in original) (quoting *Trivelloni–Lorenzi v. Pan Am. World Airways, Inc.*, 821 F.2d 1147, 1165 (5th Cir. 1987)). Plaintiffs assert Defendants have failed to seek this relief within a reasonable time as the motion was filed more than a year after the case commenced and could have been brought in lieu of an answer.

Defendants argue that "[a] motion to dismiss on *forum non conveniens* grounds may be made at any time." *Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.*, No. 13-CV-9239 (CS), 2017 WL 972117, at *5 (S.D.N.Y. Mar. 10, 2017), *aff'd*, 712 F. App'x 88 (2d Cir. 2018) (quoting *In re Hellas Telecomms. (Luxembourg) II SCA*, 555 B.R. 323, 345 (Bankr. S.D.N.Y. 2016)). Even when relying on the treatise to which Plaintiffs cite, Defendants contend their motion was not untimely.

> In modern litigation, there generally is no time limit on when a motion to dismiss for forum non conveniens must be made. . . . On the other hand, it behooves the defendant to raise the forum non conveniens defense within a reasonable time of becoming aware of the circumstances supporting it. *If the litigation has*

> *progressed significantly in the federal court*, a defendant's belated assertion that the forum is not a convenient one is likely to be viewed dimly by the district judge.

Arthur R. Miller, *§ 3828 Forum Non Conveniens—In General*, 14D Fed. Prac. & Proc. Juris. § 3828 (4th ed.) (emphasis added). Defendants assert this litigation has not progressed significantly as the parties have not engaged in extensive or costly discovery and no party, fact witness, or expert has been deposed. Further, each party has had a change of counsel over the course of litigation and Defendants' current counsel filed this motion just over a month after entering their appearance.

Based on the relative lack of development and expenditures over the course of the litigation, the Court finds that this motion is timely. *Cf. Arthur v. Arthur*, 452 A.2d 160, 162 (D.C. 1982) (holding that the trial court had not abused its discretion in denying a motion to motion to dismiss for *forum non conveniens* that was filed *the day of trial* and after the court previously denied a continuance). Having decided this motion is timely, the Court now addresses the *forum non conveniens* analysis.

### I. Adequate Alternative Forum

"[A]t the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum. This requirement is satisfied, ordinarily, if the defendant is amenable to process in the alternative jurisdiction . . . ." *de Melo*, 801 F.2d at 1061 (internal quotation marks omitted) (quoting *Piper*, 454 U.S. at 254 n.22) (citing *Gilbert*, 330 U.S. at 506-07). Specifically, courts have conditioned dismissal based on *forum non conveniens* on the movant's concession to jurisdiction and service in the alternative forum. *See, e.g., id.*; *Corporacion Tim, S.A. v. Schumacher*, 418 F. Supp. 2d 529, 532 (S.D.N.Y. 2006), *aff'd sub nom. Corp. Tim, S.A. v. Schumacher*, 223 F. App'x 37 (2d Cir. 2007).

Plaintiffs argue Jordan is not an adequate alternative forum because Jordanian courts do not have jurisdiction over foreign corporations. Plaintiff Ahmad Hersh attests that he contacted several attorneys in Jordan who told him that Defendants could not be sued in Jordan. (ECF No. 106-1, ¶¶ 5-7) Plaintiffs have also included a sworn declaration from Dr. Yazeed Salah,[2] who holds a master's degree in international law and a PhD in civil law and has practiced tort litigation in Jordan for over 20 years. (ECF No. 36-2) According to Dr. Salah, if Plaintiffs were to file a lawsuit against Defendants in Jordan, the Jordanian court would reject it. (ECF No. 106-4)

Defendants, on the other hand, contend Jordan is an adequate alternative forum because Jordanian courts would have jurisdiction over Defendants. To support their motion, Defendants have included a sworn declaration by Samer Al Zuriekat, who is a partner and head of litigation at a law firm in Amman, Jordan.[3] (ECF No. 111-3) According to Zuriekat, Jordanian courts

---

[2] In previous filings, Dr. Salah's first name was spelled "Yazid." (ECF Nos. 36-2, 36-3)

[3] Plaintiffs have moved to strike Defendants' reply memorandum in support of their motion to dismiss on the basis of *forum non conveniens* and the accompanying exhibits B and C. (ECF No. 113) Exhibit B (ECF No. 111-2) consists of translations of two complaints currently pending in Jordanian courts related to an Illinois state case Defendants cite as persuasive authority. *See Siegel v. Glob. Hyatt Corp.*, No. 1-11-2832, 2013 WL 5436610 (Ill. App. Ct. 2013) (unpublished Illinois appellate court opinion affirming a trial court's dismissal based on *forum non conveniens* after finding Jordan was an adequate alternative forum). The Court disagrees with Plaintiff that the inclusion of Exhibit B was an attempt to mislead the Court. Rather, as Defendants maintain, the exhibit merely demonstrates that the case was continued in Jordan after the Illinois appellate court affirmed the trial court's dismissal. Exhibit C is Zuriekat's declaration. (ECF No. 111-3) Plaintiffs argue Zuriekat's declaration should be stricken because he was neither disclosed under Rule 26(a)(2) nor did the Defendants previously submit a declaration from Zuriekat before the close of discovery. Defendants argue they were not required to initially disclose Zuriekat pursuant to Rule 26(a)(2). Rather, they aver Rule 44.1 provides the mechanism for submitting evidence related to a determination of foreign law. Pursuant to Rule 44.1:

> A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. *In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.*

(Emphasis added). *See also Gibson v. Credit Suisse AG*, No. 1:10-CV-00001-JLQ, 2016 WL 11546853, at *1 (D. Idaho Feb. 9, 2016) ("[E]xperts providing an overview of foreign law under Fed.R.Civ.P. 44.1 are not required to be disclosed as experts under Fed.R.Civ.P. 26 because they are not providing testimony under Fed.R.Evid. 702."). Here, Defendants initially raised the issue concerning jurisdiction in Jordanian courts and provided notice in the form of their prior Motion to Dismiss Plaintiffs' First Amended Complaint filed in November 2017. (ECF No. 27) Defendants raised the issue again in the instant motion to dismiss under the doctrine of *forum non conveniens*.

would assume jurisdiction over Defendants because the incident occurred in Jordan. (*Id.* at ¶¶ 20-22) Additionally, Defendants assert that federal law provides for personal jurisdiction via waiver. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). According to Zuriekat, the same principle applies under Jordanian law. (ECF No. 111-3, at ¶ 23)

The Court finds that Jordan is an adequate alternative forum for Plaintiffs' claims. In a distinguishable case, the Southern District of Florida found that Jordan was not an adequate forum for the claims at issue. In *Supreme Fuels Trading FZE v. Sargeant*, No. 08-81215-CIV, 2009 WL 5128504, at *6 (S.D. Fla. Dec. 18, 2009), the district court concluded Jordan was not adequate forum for private antirust and corruption claims because, according to the plaintiff's expert, "Jordanian law does not permit individuals to bring antitrust claims on their own behalf; rather, a public prosecutor would have to initiate an antitrust claim on behalf of the individual." The district court recognized that the defendant was not required to show Jordan was a "perfect alternative forum; but the inability of [the plaintiff] to maintain this suit on its own behalf, and the prospect of a public prosecutor declining to initiate this action at all, is clearly unsatisfactory." *Id.* at *7. Here, the expert testimony concerning Jordanian law shows Plaintiffs would be able to initiate a negligence cause of action in a Jordanian court within three years of the conclusion of the appeal process in the still-ongoing criminal case. (ECF No. 28-1) Accordingly, Plaintiffs' ability to bring a lawsuit independent of a public prosecutor is satisfactory.

---

Plaintiffs, accordingly, had notice of the issues related to Jordanian law and had the opportunity to respond fully, including with their own expert declaration. The Court finds that Defendants properly submitted a sworn declaration in compliance with Rule 44.1. The Court further agrees with Defendants that it was not improper for them to include Zuriekat's declaration as an attachment to their reply memorandum after having not included it in their opening memorandum because it was in direct response to matters expanded upon in Plaintiffs' response. *United States v. Henry*, No. 4:07-CR-129 CAS, 2011 WL 147758, at *1 n.1 (E.D. Mo. Jan. 18, 2011) (citing *Federal Trade Comm'n v. Neiswonger*, 580 F.3d 769, 775 (8th Cir. 2009)) (noting it is "generally improper to raise a new *argument* in a reply brief") (emphasis added). Consequently, the Court denies Plaintiff's motion to strike (ECF No. 113)

Even assuming *arguendo* that Plaintiffs' expert is correct that Jordanian courts would not exert jurisdiction over a U.S. corporation, the Court is persuaded by Defendants' expert that parties can consent to jurisdiction. Furthermore, at least one federal appellate court has specifically affirmed that Jordan can be an available alternative forum, even if doubts exist as to the difficulties involved in determining Jordanian law, "only if conditioned on the defendants' submitting to jurisdiction in Jordan and on the Jordanian courts' acceptance of the case." *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 677 (D.C. Cir. 1996), *abrogated on other grounds by Samantar v. Yousuf*, 560 U.S. 305 (2010); *see also Siegel v. Glob. Hyatt Corp.*, No. 1-11-2832, 2013 WL 5436610 (Ill. App. Ct. 2013) (unpublished Illinois appellate court opinion affirming a trial court's dismissal based on *forum non conveniens* after finding Jordan was an adequate alternative forum). Here, the Senior Vice President of Defendant CKE Restaurant Holdings, Inc. has attested that Defendants "are willing to accept service, submit to the jurisdiction of the Jordanian courts, and waive any statute of limitations defenses if the case proceeds in Jordan." (ECF No. 94, ¶ 14) Accordingly, the Court finds that Jordan is an adequate alternative forum provided Defendants' consent to jurisdiction.

## II. Private Interest Factors

Once a court finds that an alternative forum is adequate, it must weigh private and public interests before deciding whether to dismiss a case based on the doctrine of *forum non conveniens*. The Supreme Court has established the following private interests of the litigants that must be considered and weighed:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Piper*, 454 U.S. at 241 n.6 (internal quotation marks omitted) (quoting *Gilbert*, 330 U.S. at 508).

Defendants argue all enumerated private interest factors weigh in favor of this case being litigated in Jordan. First, Defendants contend much of if not all the relevant evidence is located in Jordan, which would impact the relative ease of access to sources of proof. The tragic death at the core of this case occurred in Jordan at a restaurant owned and operated by a Jordanian franchisee. Local Jordanian authorities investigated the incident, interviewed witnesses, and viewed and photographed the scene. Medical personnel and forensic examiners are also located in Jordan as well as relevant medical documents. Second, there is no apparent available process to compel witnesses to travel to this district for trial.[4] And third, both parties initially indicated experts may be required to inspect the premises in Amman, Jordan.[5]

Plaintiffs object to Defendants' argument and contend Defendants have failed to allege any specific sources of proof are only available in Jordan. Plaintiffs state they have already produced documents, including medical and police reports. Further, Plaintiffs claim Defendants have not specified which Jordanian witness they assert would be unwilling or unable to travel to this district for trial.

The Court agrees with Defendants that the private interest factors weigh in favor of this case progressing in Jordan. The standard for dismissing a case under the doctrine of *forum non*

---

[4] As Defendants note, Jordan has not signed onto the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters that provides procedures by which a judicial authority in one country may request evidence located in another country. *Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, Status Table*, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited July 26, 2019). *See generally Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 524 (1987); *Cruz v. Cooper Tire & Rubber Co.*, No. 09-CV-4033, 2009 WL 4016606, at *3 n.2 (W.D. Ark. Nov. 19, 2009) (finding that private interest factors weighed in favor of dismissal under the doctrine of *forum non conveniens* despite the ability to make potential witnesses in Mexico available for trial based on Mexico's ratification of the Hague Convention).

[5] Plaintiffs allege the playground facility has been completely remodeled since the death of Plaintiffs' son and, therefore, local inspected would be impossible or irrelevant as the premises no longer appear as they did at the time of the incident. Defendants, however, maintain visual inspection of the premises – even after an alleged remodel – would be crucial for the litigation.

*conveniens* looks to the "*relative ease* of access to sources of proof" and does not require evidence be available *only* in the foreign forum. *See Piper*, 454 U.S. at 241 n.6. Additionally, much of the anticipated evidence – both testimonial and documentary – would presumably be in Arabic and require English interpretation and translation to litigate and eventually present the case to a jury in this district. While not an insurmountable hurdle as parties and federal courts have access to Arabic-to-English interpreters and translators,[6] the anticipated difficulty in dealing with the likely amount of evidence in a language other than English clearly would present an increased practical problem that weighs heavily against this case remaining in this district.

The Court also finds Defendants' argument that their inability to implead third-party defendants supports dismissal to be persuasive. Defendants contend potential third-party defendants – such as the architects, contractors and subcontractors, and inspectors responsible for the design and construction of the subject facility – are all beyond the jurisdiction of this Court and, therefore, Defendants would need to seek indemnification in a separate lawsuit in Jordan. Plaintiffs object to Defendants' argument that any complications related to impleader support dismissal. According to Plaintiffs, Defendants did not seek to add or implead any additional or third parties before the deadline to do so. The Court, however, agrees with Defendants that any such attempt would have been fruitless as this Court would not have jurisdiction over those potential third parties. The Supreme Court endorsed this reasoning in *Piper* when it noted "the problems posed by the inability to implead potential third-party defendants clearly supported" dismissing the case under the doctrine of *forum non conveniens*. 454 U.S. at 259. Even though the defendants in *Piper* would have been able to seek indemnification against third parties in the foreign forum if they were found liable in the United States, "[i]t would be far more convenient . . . to resolve all claims in one trial." *Id.* Here, it would be more convenient to litigate this case

---

[6] Indeed, Plaintiffs argue many documents have already been produced in certified English translations.

in Jordan where Defendants could seek indemnification from potentially relevant third-parties in the same case.

Additionally, the Court rejects Plaintiffs' argument that language on a Hardee's website indicates Defendants have voluntarily elected this district as the appropriate forum for any dispute. Plaintiffs are correct that the cited terms include a section that provides the following under a section titled "Jurisdiction": "The exclusive forum and venue for any dispute shall be in the City of St. Louis, Missouri." (ECF No. 106-2, at 2) However, as Defendants note, these terms explicitly concern disputes related to use of the *website*: "Please carefully read the below terms and conditions applicable to Hardee's® website." (*Id.* at 1) The Court agrees with Defendants that these terms apply only to disputes arising from use of the website and do not act as a broad forum selection clause applicable to disputes such as the death at issue in this case.

### III. Public Interest Factors

In addition to the litigants' private interests, the Supreme Court has provided district courts should consider the following public interest factors:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper*, 454 U.S. at 241 n.6 (quoting *Gilbert*, 330 U.S. at 509).

There is no indication of court congestion in Jordan. Plaintiffs argue Defendants have merely made a conclusory claim regarding an alleged lack of congestion in Jordanian courts and, accordingly, have failed to meet their burden on that factor. These factors, however, are not elements that each must be established. Rather, they are factors to be weighed. As neither party

has offered evidence concerning court congestion in Jordan, that factor does not weigh one way or the other on the Court's determination.

Defendants argue Jordan's local interest greatly outweighs Missouri's interest in this dispute. Plaintiffs are Jordanian citizens and their son's death occurred in Amman, Jordan. Further, Defendants have cited to news articles demonstrating local interest in the incident and its connection to a broader local discussion concerning children's safety. Plaintiffs, on the other hand, argue that the source of the alleged negligence came from Defendants' headquarters located at the time in St. Louis. According to Plaintiffs, Defendants had the ability to inspect the premises in Amman, Jordan for any potentially dangerous defects but failed to do so. Further, Plaintiffs suggest Missouri has a strong interest in the litigation as Amman, Jordan is a popular destination for American tourists who could be affected by negligent compliance with safety standards.

The Court agrees with Defendants that Jordan has a stronger local interest in this dispute. The Supreme Court of the United States noted in *Gilbert* that there is "a local interest in having localized controversies decided at home." 330 U.S. at 509. The Supreme Court of Missouri has also rejected an argument similar to Plaintiffs' that Missouri's interest in ensuring its corporations comply with safety standards outweigh a foreign country's interest in alleged safety violations and injuries that occur within its territory. *See Acapolon Corp. v. Ralston Purina Co.*, 827 S.W.2d 189, 194 (Mo. 1992) (en banc) ("Missouri's interest in assuring that its corporations comply with adequate design standards when designing products for manufacture and use abroad is less substantial than the foreign nation's interest in protecting its citizens from injury and setting standards for the manufacture and distribution of products within its borders.").

The Court also finds that avoiding potential issues related to conflict of law support Defendants' motion. While the Court has not determined whether Jordanian law would apply, there is at least a genuine question regarding the choice of law. The prospect of this U.S. district court having to apply Jordanian law weighs in favor of dismissal. Even assuming the parties are correct that relevant Jordanian law is substantively similar to Missouri law, "the need to apply foreign law point[s] towards dismissal." *See Piper*, 454 U.S. at 260.

Lastly, the Court agrees with Defendants that it would be unfair to burden a Missouri jury with this case that has an attenuated connection to this district and would involve numerous practical complications if the case progressed to trial, including the need to rely on translated documents and use interpreters for any Arabic-speaking witnesses.

### IV. Conclusion

Based on the analysis above, the Court finds that Jordan is an adequate alternative forum for Plaintiffs' claims and the private and public interests factors weigh in favor of dismissing the case. Such dismissal, however, is dependent on Defendants' explicit willingness to consent to jurisdiction in Jordan and waive any potential procedural barriers to process if Plaintiffs refile in a Jordanian court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss under the Doctrine of Forum Non Conveniens (ECF No. 92) is **GRANTED** and the case is **DISMISSED without prejudice**. A separate order of dismissal accompanies this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' Motion for Oral Argument on Its Motion to Dismiss under the Doctrine of Forum Non Conveniens (ECF No. 112) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendants' Reply in Support of Motion to Dismiss under the Doctrine of Forum Non Conveniens and Exhibits B and C (ECF No. 113) is **DENIED**.

**IT IS FINALLY ORDERED** that all other pending motions are **DENIED as moot**.

Dated this 26th day of July, 2019.

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**